UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CANDICE K. KANE,

    Plaintiff,

v.                                                                    Case No.: 2:20-cv-15-FtM-38NPM

J.D. LALLO, INC., JOHN W. LALLO
and DEBORAH L. LALLO,

    Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on Plaintiff Candice Kane's Motion for Remand and for Attorney's Fees. (Doc. 7). Defendants J.D. Lallo, Inc., John Lallo, and Deborah Lallo (together "Lallo") filed a Response in Opposition. (Doc. 15). Also here are the parties' responses (Docs. 18; 20) to the Court's Order to Show Cause (Doc. 17). For these reasons, the Court grants the Motion.

## **BACKGROUND**

This is a trip-and-fall case. In July 2019, Kane sued in state court. The Complaint sought damages over $15,000 (the jurisdictional minimum). A few months later, in December 2019, Kane emailed Lallo some medical records showing over $84,000 in medical bills. Lallo timely removed to this Court under diversity jurisdiction. Four days later, Kane moved to remand.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

**LEGAL STANDARD**

A defendant may remove a case from state to federal court if the amount in controversy exceeds $75,000 and complete diversity exists. 28 U.S.C. §§ 1441(a); 1332(a). Aside from those jurisdictional requirements, there are procedural hurdles to removal. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010). Defendants must remove within thirty days of learning a case is removable. 28 U.S.C. § 1446(b). Likewise, plaintiffs must seek remand for procedural defects in thirty days after removal. *Id.* at § 1447(c).

**DISCUSSION**

Kane lobs a procedural attack, saying removal was untimely. According to Kane, Lallo only had thirty days to remove after the Complaint was filed because Lallo knew damages exceeded $75,000 in February 2017 (when Kane sent her medical records to an insurance representative). Lallo counters removal was timely because it never received that paperwork. Even if it did, presuit correspondence does not trigger the thirty-day clock to remove. *E.g.*, *McManus v. Nat'l Fire & Marine Ins.*, 380 F. Supp. 3d 1260, 1262-63 (M.D. Fla. 2019) (collecting cases). The Court agrees with Lallo and concludes removal was timely. *See id.*

Neither party, however, saw the fatal flaw in Lallo's removal: each Defendant is a citizen of Florida. "A civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed if any of the . . . defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This is called the "forum-defendant rule"; it bars an at-home defendant from removing the case if the defendant was served before removal. *E.g.*, *Goodwin v. Reynolds*, 757 F.3d 1216,

2

1220-21 (11th Cir. 2014); *Jasper Contractors, Inc. v. Progressive Prop. Ins.*, No. 2:19-cv-536-FtM-29NPM, 2019 WL 4126751, at *1 (M.D. Fla. Aug. 30, 2019). Here, all Defendants are Florida citizens who were served before removal. So the forum-defendant rule permits Kane to shoot down Lallo's attempt at removal.

Because no party addressed the matter, the Court issued an order to show cause on why the rule does not apply, allowing the parties a chance to weigh in. (Doc. 17). Both parties agree the forum-defendant rule applies, and the case should be remanded. (Docs. 18; 20). But even without the parties' agreement, the Court could still remand for different reasons than a plaintiff argues in a motion to remand.

Running afoul the forum-defendant rule is a procedural defect, not a jurisdictional one. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1372 n.4 (11th Cir. 1998). Jurisdictional defects leave the Court with no option but to remand; whereas, procedural defects are waivable. *Id.* In other words, a court cannot sua sponte remand for a procedural defect before a party moves to remand. *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1320-21 (11th Cir. 2001) ("[A] remand on the court's own motion may deprive *both* sides of their preferred forum" because a "plaintiff may forgive the procedural defect and accept the defendant's preference for a federal forum." (citation omitted)). The situation changes after a party makes a motion to remand for a procedural defect.

A district court may grant a motion to remand for procedural defects other than those raised in the party's motion. *E.g.*, *Velchez v. Carnival Corp.*, 331 F.3d 1207, 1209-

10 (11th Cir. 2003).[2]  Importantly, this is not a sua sponte act; rather, it is merely granting a motion for a different reason after being prompted by a party. *Id.* Moreover, the worries inherent in a sua sponte procedural remand are not present in this scenario. "When a party moves for remand . . . that party wants to go back to state court. The motion establishes that the moving party does not want to acquiesce in the federal forum despite any procedural defects." *Id.* at 1210 (citing *Whole Health*, 254 F.3d at 1320-21). Given this well-worn path, the Court may grant the Motion based on the forum-defendant rule despite Kane not relying on it prior to the Court's order to show cause.

Kane has done anything but acquiesce to litigating here. Kane quickly sought remand four days after Lallo removed, well within her time to challenge removal. 28 U.S.C. § 1447(c). It is clear Kane does not wish to be in federal court and does not share Lallo's federal preference. This brings another general removal principle into play: "While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim." *Burns v. Windsor Ins.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Put another way, "Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing." *Id.* Because Kane did not acquiesce to a federal forum and filed a timely motion to remand for a procedural defect, the Court applies the forum-defendant rule. And remand is proper.

---

[2] *See also Shipley v. Helping Hands Therapy*, No. 18-0437-CG-B, 2019 WL 4014764, at *6 (S.D. Ala. Aug. 26, 2019); *Card v. Safeco Ins. Co. of Ill.*, No. 4:15cv578–MW/CAS, 2016 WL 9114002, at *1 (N.D. Fla. Feb. 1, 2016); *Deweese v. Doran*, No. 3:15-CV-32-J-32JRK, 2015 WL 5772156, at *1 (M.D. Fla. Sept. 30, 2015); *Mincey by & through Sims v. Am. Honda Motor Co.*, No. 3:15-cv-847-J-39MCR, 2015 WL 12844400, at *6 n.11 (M.D. Fla. Aug. 25, 2015); *Sprockett v. Advance/Newhouse P'ship*, No. 8:10-CV-1418-T-24TGW, 2010 WL 2949327, at *2 n.2 (M.D. Fla. July 26, 2010); *Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 283-85 (5th Cir. 2004).

Finally, to the extent Kane seeks fees, the Motion is denied.³ When "the removing party lacked an objectively reasonable basis for seeking removal," 28 U.S.C. § 1447(c) allows a fee award. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). But the award must be "just" and the decision to award fees is within the Court's discretion. *Id.* at 138-39; *Diebel v. S.B. Trucking Co.*, 262 F.Supp.2d 1319, 1333-34 (M.D. Fla. 2003). A remand based on the forum-defendant rule can support an award of fees. *Jasper*, 2019 WL 4126751, at *2. Yet the Court concludes it would be unjust to award fees when Kane failed to identify the correct defect in removal and makes no argument for entitlement to fees. So the Court denies Kane's request for fees.

Accordingly, it is now **ORDERED**:

1. Plaintiff's Motion for Remand and for Attorney's Fees (Doc. 7) is **GRANTED** only as to remand.

2. The Clerk is **DIRECTED** to **REMAND** this case to the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of that Court.

3. The Clerk is **DIRECTED** to terminate any deadlines or pending motions and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of February, 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

³ The Local Rules require a request for fees to be made by separate motion after judgment. Fed. R. Civ. P. 54(d)(2); Local Rule 4.18(a). And parties must identify the statute entitling them to fees. Kane's request is a perfunctory aside buried within the Motion. So fees could be denied on this basis alone.